DECISION
Plaintiff appeals concerning certain personal property penalty matters for the 2008-09 tax year for Account P142968. A case management conference was held January 28, 2010. Debi L. Fitzgerald appeared for Plaintiff. Representing Defendant were Leah C. Harper, Assistant County Counsel, and Constance L. Roach, Assessor.
At the outset of the conference, Plaintiffs motion for default, filed December 3, 2009, was discussed. Because it was received after Defendant's responsive pleading was filed on December 1, 2009, the court denied the motion.
 I. STATEMENT OF FACTS
Plaintiff owns taxable personal property in Josephine County. Plaintiff has a business and is required to file annual personal property returns by March 1 of each year. For this tax year, a return was not timely submitted.
Because the return was not submitted before August 1, the county assessed a penalty of 50 percent. Plaintiff was given notice of those fees by way of an omitted property notice dated September 22, 2009. (Ptf s Comp at 4.)
Plaintiff stated she was unaware of the tax and that she should have been earlier informed by Defendant and been mailed a blank return form. She wrote in an attachment to her Complaint *Page 2 
that "I do not feel that I should be required to pay a late fee when I didn't even know that this type of tax even existed." (Ptf's Comp at 2.)
 II. ANALYSIS
ORS 308.290(1)(a)[1] requires a business to file a personal property tax return by March 1. The statute goes on to state that, if a party fails to file a return by the March 1 deadline, the party "shall be * * * subject to the provisions of ORS 308.296." ORS 308.290(1)(a).
ORS 308.296(1) states that any person or company responsible for filing a personal property return who or which has not done so "shall be subject to a penalty as provided in this section." The penalty is graduated based on when the taxpayer files its return. ORS 308.296(4), the provision applicable here, states:
 "After August 1, a taxpayer who files a return to which this section applies or who fails to file a return shall be subject to a penalty equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer."
Plaintiff admittedly did not file her return before August 1, 2009. Pursuant to the statute, she is responsible for a 50 percent penalty. Plaintiff claims, however, she should be excused from the penalty because of circumstances beyond her immediate control.
ORS 305.422 allows waiver of a late-filing penalty when there is good and sufficient cause to waive the penalty. In such cases involving past years and omitted property assessments, this court has the authority to waive or reduce that penalty. Plaintiff must provide a proper showing of good and sufficient cause. *Page 3 
ORS 305.288(5)(b) defines what constitutes good and sufficient cause:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
The sole reason offered for the failure to file a personal property tax return is lack of knowledge of the legal requirements. That specifically does not constitute a valid reason to compromise the statutory penalty.
 III. CONCLUSION
Plaintiff's failure to file a 2008-09 personal property return was not due to causes beyond her immediate control.
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of March 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on March 4,2010. The Court filed and entered this document on March 4, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1